UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

PRISON LEGAL NEWS, a Project of
the Human Rights Defense Center,

    Plaintiff,

v.

LIVINGSTON COUNTY SHERIFF BOB
BEZOTTE, individually and officially,
and LIVINGSTON COUNTY,

    Defendants.

Case No. 2:11-cv-13460-DPH-MAR

Honorable Denise Page Hood

---

LAW OFFICES OF THOMAS M. LOEB
By:    THOMAS M. LOEB (P25913)
32000 Northwestern Highway, Suite 170
Farmington Hills, Michigan 48334
Ph: (248) 851-2020
Fax: (248) 851-2525
e-Mail: tmloeb1@mich.com
*Counsel for Plaintiff*

HUMAN RIGHTS DEFENSE CENTER
By:    LANCE WEBER
P.O. Box 2420
Brattleboro, Vermont 05303
Ph: (802) 257-1342
Fax: (866) 735-7136
e-mail: lweber@humanrightsdefensecenter.org
*Co-Counsel for Plaintiff*

MICHIGAN STATE UNIVERSITY
By:    DANIEL E. MANVILLE (P39731)
610 Abbot Road
East Lansing, Michigan 48823
Ph: (517) 336-8088
Fax: (517) 336-8089
e-Mail: daniel.manville@law.msu.edu
*Co-Counsel for Plaintiff*

THE LAW OFFICE OF BRIAN J. PRAIN, P.L.L.C.
By:    BRIAN J. PRAIN (P73944)
28475 Greenfield Road, Suite 121
    Southfield, Michigan 48076
Ph: (248) 763-0641
e-Mail: brian@prainlaw.com
*Co-Counsel for Plaintiff*

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:    T. JOSEPH SEWARD (P35095)
    LINDSEY A. KACZMAREK (P74579)
33900 Schoolcraft Road
Livonia, Michigan 48150
Ph: (734) 261-2400
Fax: (734) 261-4510
e-Mail: tjseward@cmda-law.com
*Counsel for Defendants*

## DEFENDANTS' MOTION TO ADJOURN
## THE SCHEDULING CONFERENCE

NOW COME Defendants, LIVINGSTON COUNTY and LIVINGSTON COUNTY SHERIFF BOB BEZOTTE, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and in support of their Motion to Adjourn the Scheduling Conference, state as follows:

1)   On May 16, 2012, the Court notified the parties that a scheduling conference was scheduled for July 30, 2012 at 2:15 p.m.

2)   Defendants move to adjourn the scheduling conference pending resolution of their Motion for Partial Judgment on the Pleadings.

3)   Defendants moved for this relief early in the litigation to avoid any unnecessary costs and attorney fees.

4)   Resolution of Defendants' Motion for Partial Judgment on the Pleadings will greatly shape further litigation.

5)   If the Court accepts Defendants' arguments, discovery will be limited to materials that have been subscribed to or requested by the inmates. In fact, given the information that PLN has revealed in pleadings filed subsequent to its Complaint, discovery will, in all likelihood, be unnecessary if the Court agrees with Defendants' position.

6)   Courts are directed to construe and administer the Federal Rules of Civil Procedure "to secure the . . . *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis supplied).

7)   The parties should not be forced to incur the extensive litigation costs associated with discovery without knowing whether PLN's claims will survive or be

dismissed.

8) Defendants sought legal determinations in their Motion for Judgment on the Pleadings, none of which could be altered by discovery.

9) Resolution of Defendants' Motion for Partial Judgment on the Pleadings has the potential to resolve the entire case.

WHEREFORE, Defendants, LIVINGSTON COUNTY and LIVINGSTON COUNTY SHERIFF BOB BEZOTTE, respectfully request that this Honorable Court GRANT their Motion to Adjourn the Scheduling Conference.

Respectfully submitted,

/s/ T. Joseph Seward
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI 48150
Ph: (734) 261-2400
Primary E-mail: tjseward@cmda-law.com
P 35095

Dated: July 2, 2012

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PRISON LEGAL NEWS, a Project of
the Human Rights Defense Center,

    Plaintiff,

v.

LIVINGSTON COUNTY SHERIFF BOB
BEZOTTE, individually and officially,
and LIVINGSTON COUNTY,

    Defendants.

Case No. 2:11-cv-13460-DPH-MAR

Honorable Denise Page Hood

---

LAW OFFICES OF THOMAS M. LOEB
By:    THOMAS M. LOEB (P25913)
32000 Northwestern Highway, Suite 170
Farmington Hills, Michigan 48334
Ph: (248) 851-2020
Fax: (248) 851-2525
e-Mail: tmloeb1@mich.com
*Counsel for Plaintiff*

HUMAN RIGHTS DEFENSE CENTER
By:    LANCE WEBER
P.O. Box 2420
Brattleboro, Vermont 05303
Ph: (802) 257-1342
Fax: (866) 735-7136
e-mail: lweber@humanrightsdefensecenter.org
*Co-Counsel for Plaintiff*

MICHIGAN STATE UNIVERSITY
By:    DANIEL E. MANVILLE (P39731)
610 Abbot Road
East Lansing, Michigan 48823
Ph: (517) 336-8088
Fax: (517) 336-8089
e-Mail: daniel.manville@law.msu.edu
*Co-Counsel for Plaintiff*

THE LAW OFFICE OF BRIAN J. PRAIN, P.L.L.C.
By:    BRIAN J. PRAIN (P73944)
28475 Greenfield Road, Suite 121
    Southfield, Michigan 48076
Ph: (248) 763-0641
e-Mail: brian@prainlaw.com
*Co-Counsel for Plaintiff*

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:    T. JOSEPH SEWARD (P35095)
    LINDSEY A. KACZMAREK (P74579)
33900 Schoolcraft Road
Livonia, Michigan 48150
Ph: (734) 261-2400
Fax: (734) 261-4510
e-Mail: tjseward@cmda-law.com
*Counsel for Defendants*

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO ADJOURN THE SCHEDULING CONFERENCE

## **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES**..................................................................................ii

**QUESTION PRESENTED**..................................................................................iii

**INTRODUCTION**.................................................................................................1

**LAW AND ARGUMENT**.....................................................................................1

**CONCLUSION**.....................................................................................................7

# INDEX OF AUTHORITIES

## Cases

*Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891 (6th Cir. 2001)..............................4

*Hardy v. Jefferson Cmty. College*, 260 F.3d 671 (6th Cir. 2001)..........................................4

*Herbert v. Lando*, 441 U.S. 153 (1979)..................................................................................2, 3

*Houchins v. KQED, Inc.*, 438 U.S. 1 (1978)...........................................................................4, 5

*Kalasho v. Kapture*, 868 F. Supp. 882 (E.D. Mich. 1994)......................................................6

*Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422 (6th Cir. 1995).........................3, 4

*Pell v. Procunier*, 417 U.S. 817 (1974)......................................................................................5

*Rothstein v. Steinberg*, 08-cv-0673, 2008 WL 5716138 (N.D. Ohio June 9, 2009).....5, 6

*Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003)......................................................................4

*Saxbe v. Wash. Post. Co.*, 417 U.S. 843 (1974).......................................................................5

*Sheets v. Moore*, 97 F.3d 164 (6th Cir. 1996).........................................................................6

*United States v. Hays*, 515 U.S. 737 (1995)............................................................................5

*USW v. Cooper Tire & Rubber Co.*, 474 F.3d 271 (6th Cir. 2007).......................................5

*Ward v. Washtenaw County Sheriff's Dep't*, 881 F.2d 325 (6th Cir. 1989).......................6

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 1.............................................................................................................................1

Fed. R. Civ. P. 26

## Local Rules of Eastern District of Michigan

E.D. Mich. L.R. 7.1(f)(2).............................................................................................................1

# QUESTION PRESENTED

I. WHETHER THE COURT SHOULD ADJOURN THE STATUS CONFERENCE PENDING RESOLUTION OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS?

Plaintiff responds, "No."

Defendants respond, "Yes."

## INTRODUCTION

In efforts to commence discovery, Plaintiff Prison Legal News ("PLN") filed a Motion for Status Conference on April 10, 2012, which Defendants opposed. (Docket # 39, 40). The Court has not scheduled a hearing on PLN's Motion for Status Conference, nor has it ordered submission and determination without a hearing. E.D. Mich. L.R. 7.1(f)(2).

On May 16, 2012, the Court notified the parties that a scheduling conference was scheduled for July 30, 2012 at 2:15 p.m. (Docket # 42). For the reasons that follow, Defendants move to adjourn the scheduling conference.

## LAW AND ARGUMENT

Pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings. (Docket # 11). Defendants moved for this relief early in the litigation to avoid any unnecessary costs and attorney fees. Resolution of Defendants' Motion for Partial Judgment on the Pleadings will greatly shape further litigation. If the Court accepts Defendants' arguments, discovery will be limited to materials that have been subscribed to or requested by the inmates. In fact, given the information that PLN has revealed in pleadings filed subsequent to its Complaint, discovery will, in all likelihood, be unnecessary if the Court agrees with Defendants' position.

Courts are directed to construe and administer the Federal Rules of Civil Procedure "to secure the . . . *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis supplied). Defendants should not be forced to incur the extensive litigation costs associated with discovery without knowing whether

PLN's claims will survive or be dismissed. Inasmuch as PLN has suggested that it lacks sufficient resources to send postcards to inmates because they are 83 cents per postcard, not including postage (Docket # 32-15, ¶ 12), it is rather ironic that PLN has sufficient resources to expend on discovery without knowing whether such discovery will be futile.

In the Reply Brief in Support of PLN's Motion for Status Conference, PLN cited several cases in support of its argument that a status conference should be held immediately so discovery can commence. (Docket # 41). Suffice it to say that none of these cases supports the position that PLN sought to advance.

PLN cited non-precedential case law to suggest that Defendants bear the burden of demonstrating the need for a limitation or a prohibition on discovery. (Docket # 41, p. 2) (citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598 (C.D. Cal. 1995) and *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488 (7th Cir. 1983)). PLN missed the mark. Defendants did not move to limit or prohibit discovery, nor was there any basis for doing so since ***PLN is not entitled to discovery until after a Rule 26(f) conference.*** Fed. R. Civ. P. 26(d)(1). Rather, Defendants opposed PLN's Motion for Status Conference for practical and legitimate reasons — reasons that are amply supported by Rule 1 of the Federal Rules of Civil Procedure.

PLN also cited *Herbert v. Lando*, 441 U.S. 153 (1979) for the proposition that "litigation costs do not control whether pre-trial discovery is appropriate." (Docket # 41, p. 2). In *Herbert*, the Court recognized that the plaintiff's burden in a defamation lawsuit against a member of the press has "considerably expanded," as now "the

plaintiff must focus on the editorial process and prove a false publication attended by some degree of culpability on the part of the publisher." *Id.* at 176. The respondents, several members of the press, argued that as a result of this "expanded burden," plaintiffs would resort to more discovery and defendants would incur, among other burdens, excessive litigation costs. The respondents suggested that "the press needs constitutional protection from these burdens if it is to perform its task, which is indispensable in a system such as ours." *Id.* They therefore urged the Court to create a constitutional privilege for members of the press foreclosing direct inquiry into their editorial process. *Id.* The Court declined to do so, stating that "reliance must be had" on "the present Rules of Civil Procedure . . . ." *Id.* at 177. As this Court can see, *Herbert* is utterly off point.

In addition to relying upon wholly inapposite case law, PLN erroneously asserted that Defendants have no support for their position. Specifically, PLN argued:

> Defendant [sic] has sought a limitation on discovery until his [sic] motions have been decided but does not cite to any Sixth Circuit decision in support. The likely reason for failure to cite to Sixth Circuit decisions is that the law is contrary to his [sic] motion.

(Docket # 41, p. 2). ***Interestingly, PLN then goes on to cite a Sixth Circuit case that <u>supports</u> Defendants' position.***

> Limitation of discovery may be appropriate where claims are subject to dismissal "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995).

(Docket # 41, p. 2). In *Muzquiz*, the plaintiff argued that "the district court erred in imposing stringent limitations upon pretrial discovery, thereby denying him the

opportunity for a fair trial." *Id.* at 430. He claimed that he "was prejudiced because his breach of contract claim, antitrust claim, and § 1983 claim were dismissed without his being allowed 'meaningful discovery.'" *Id.* The Sixth Circuit rejected the plaintiff's argument, stating:

> <u>**We find his argument to be without merit because dismissal of these claims was based on legal determinations that could not have been altered by any further discovery**</u>. The breach of contract claim was barred by Michigan law, the antitrust claim was barred by Sixth Circuit precedent, and the § 1983 claim was barred by the fact that the hospital was not a state actor and could not otherwise be deemed as "acting under color of law" for purposes of that provision.

*Id.* (emphasis supplied).

Similarly here, Defendants sought legal determinations in their Motion for Partial Judgment on the Pleadings. They moved to dismiss PLN's claims regarding sample copies of its publication on the basis that they are not constitutionally protected. Whether the right asserted by PLN is protected by the First Amendment is a question of law. See *Hardy v. Jefferson Cmty. College*, 260 F.3d 671, 677 (6th Cir. 2001) (whether speech is "protected by the First Amendment . . . rais[es] a question of law"); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 897 (6th Cir. 2001) ("the issue of whether a plaintiff engaged in protected speech is a question of law for the court"). Defendants also moved to dismiss Plaintiff's claims regarding "legal mail." Whether the correspondence at issue constitutes "legal mail" is a question of law. *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Finally, Defendants moved to dismiss PLN's claims regarding visitation. The same claims have been rejected "*explicitly and without reservation*" by the United States Supreme Court. *Houchins*

*v. KQED, Inc.*, 438 U.S. 1, 11 (1978); *see also Saxbe v. Wash. Post. Co.*, 417 U.S. 843 (1974); *Pell v. Procunier*, 417 U.S. 817 (1974). Moreover, inasmuch as PLN is seeking to challenge the "general rule that nobody may enter the prison and designate an inmate whom he would like to visit, unless the prospective visitor is a lawyer, clergyman, relative, or friend of that inmate," *Saxbe*, 417 U.S. at 849, PLN lacks standing to even raise its claims regarding visitation. See *United States v. Hays*, 515 U.S. 737, 743 (1995) (collecting cases) (the Supreme Court has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power"). Standing, too, is a question of law. *USW v. Cooper Tire & Rubber Co.*, 474 F.3d 271, 277 (6th Cir. 2007).

Making much of the fact that Defendants moved for *partial* judgment on the pleadings, PLN suggested that *Rothstein v. Steinberg*, 08-cv-0673, 2008 WL 5716138 (N.D. Ohio June 9, 2009) (Docket # 41-2) "is more on point to the facts in this matter" than is *Reardon v Midland Community Schools*, No. 11-10116, 2011 U.S. Dist. LEXIS 49717 (E.D. Mich. May 10, 2011) (Docket # 40-3), the case relied upon by Defendants. (Docket # 41, pp. 2-4). In *Rothstein*, the court denied a motion to stay discovery pending resolution of the defendant's motion for judgment on the pleadings because "the dispositive motion ha[d] no potential to resolve the entire case" and the defendant failed to explain why "discovery is unlikely to be required if the 12(c) motion is resolved in [his] favor. . . ." *Rothstein, supra*, at *3, 4. This is not the case here.

The claims that were not addressed in Defendants' Motion for Partial Judgment on the Pleadings were those pertaining to (1) copies of the softback book *Protecting*

*Your Health & Safety*, (2) informational brochures, and (3) *current* issues of *Prison Legal News*. The vagueness of PLN's Complaint prevented Defendants from moving for judgment on the pleadings as to these claims. Nowhere in its Complaint does PLN allege whether the inmates with whom it sought to correspond subscribed to or requested these materials. On this point, however, PLN's Motion for Preliminary Injunction is telling. If inmates subscribed to or sought to subscribe to its materials, certainly PLN would have supporting evidence. But PLN produced no such evidence. Instead, PLN postulated that "the inmates at the Jail with whom PLN has been attempting to communicate **WILL** express their desire to hear PLN's speech when asked." (Docket # 25, p. 12) (emphasis supplied). It is apparent, then, that the arguments in Defendants' Motion for Judgment on the Pleadings pertaining to *sample* copies of *Prison Legal News* apply with equal force to (1) copies of the softback book *Protecting Your Health & Safety*,[1] (2) informational brochures,[2] and (3) *current* issues of *Prison Legal News*. Accordingly, unlike the defendant's motion in *Rothstein*, Defendants' Motion for Partial Judgment on the Pleadings *does* have "potential to resolve the entire case." (Docket # 41-2, at *4).

---

[1] Although PLN does not allege in its Complaint whether it authored or published *Protecting Your Health & Safety*, PLN's Motion for Preliminary Injunction revealed that PLN neither authored nor published the book. (Docket # 25-6, Exhibit B). Thus, the claims regarding copies of the softback book *Protecting Your Health & Safety* would also fail under the publishers-only rule. See *Ward v. Washtenaw County Sheriff's Dep't*, 881 F.2d 325, 329 (6th Cir. 1989).

[2] While PLN does not define "informational brochures" in its Complaint, PLN's Motion for Preliminary Injunction revealed that "informational brochures" are actually order forms for subscriptions to *Prison Legal News* and books offered by PLN. (Docket # 25-6, Exhibit A; Docket # 25, p. 2; Docket # 25-2, ¶ 6; Docket # 25-5, ¶ 14(d)). Inasmuch as order forms are free advertising material, PLN's claims regarding "informational brochures" would also fail under *Sheets v. Moore*, 97 F.3d 164, 169 (6th Cir. 1996) and *Kalasho v. Kapture*, 868 F. Supp. 882, 886-88 (E.D. Mich. 1994).

## CONCLUSION

For the foregoing reasons, Defendants, LIVINGSTON COUNTY and LIVINGSTON COUNTY SHERIFF BOB BEZOTTE, respectfully request that this Honorable Court GRANT their Motion to Adjourn the Scheduling Conference.

Respectfully submitted,

/s/ T. Joseph Seward
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI 48150
Ph: (734) 261-2400
Primary E-mail: tjseward@cmda-law.com
P 35095

Dated: July 2, 2012

---

I hereby certify that on July 2, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: THOMAS M. LOEB, LANCE WEBER, BRIAN PRAIN and DANIEL E. MANVILLE

/s/ T. Joseph Seward
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI 48150
Ph: (734) 261-2400
Primary E-mail: tjseward@cmda-law.com
P35095