UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISON LEGAL NEWS,

    Plaintiff,

-V-                                               No. 2:11-CV-13460-DPH-MAR

BOB BEZOTTE, et al.,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO ADJOURN THE SCHEDULE CONFERENCE (D/E 40)**

    Defendants' motion to adjourn the scheduling conference should be denied for the three reasons discussed below. First, the present motion is no more than an untimely motion for reconsideration. Second, the motion is prematurely filed because what will be requested in discovery cannot now be determined whether the discovery would create a burden or not. Third, Plaintiff's First Amendment rights are being irreparably harmed from the delay in engaging in discovery.

I.    <u>Present motion to adjourn is no more than a motion for reconsideration</u>.

    On May 16, 2012, this Court issued the "Notice to Appear: Scheduling Conference Set for 7/30/2012 02:15 PM …." (D/E 42.) Local Rule 7.1(h)(3) requires "[a] motion for reconsideration must be filed within 14 days after entry of the judgment or order." The motion to adjourn the scheduling conference was not filed until July 2, 2012, approximately 45 days after the notice to appear was issued. This motion for reconsideration is untimely.

    A party must obey a "notice to appear" in the same manner as if an order was issued. Failure to appear after being noticed for a deposition can result in sanctions being imposed. *See, e.g.*, Fed.R.Civ.P 37(d)(1)(A)(i); *cf. Ikerd v. Lacy,* 852 F.2d 1256 (10th Cir. 1988) (upholding

1

sanction of dismissal without prejudice for attorney's failure to appear at scheduled pretrial conference). A district court may take appropriate action, including up to dismissal of the complaint, for the failure to appear at a Rule 16 conference. *Bowles v. City of Cleveland*, 129 F. App.Fed. 239, 241 (6th Cir. 2005) ("Fed.R.Civ.P. 16(f) which permits sanctions consistent with Rule 37(b)(2)(B), (C), and (D). This includes the failure of an attorney to appear at a scheduling or pretrial conference.").

In their motion to adjourn the scheduling conference, Defendants argue the same issues contained in their opposition to the motion requesting a scheduling conference (D/E 40), response to motion for preliminary injunction (D/E 31 and 32), and in their motion for partial summary judgment (D/E 11). This Court is not required to rehash issues that are presently pending before it in other pleadings.

For the reasons stated above, this Court should deny Defendants' motion to adjourn the scheduling conference.

II.     Motion is prematurely filed.

Defendants' major emphasis in their motion is the expenses that would be involved in undertaking discovery before this Court resolves their pending dispositive motion. Defendants have failed to inform the Court of what the costs of engaging in such discovery would be. Would it be $5,000? Would it be $100,000? If the costs to Defendants for Plaintiff to engage in non-deposition discovery would be less than $10,000, that is not so unreasonable for this type of litigation to justify the granting of a motion to adjourn the scheduling conference.

A motion to stay discovery, which is really what this motion is, should not be filed until after the scheduling conference, if at all. At the scheduling conference Defendants can raise objections to the proposed dates for engaging in discovery and if necessary, can then file a motion after the conference if

the discovery would be unduly burdensome.  The premature filing of this motion by defense counsel has increased the costs of this litigation unnecessarily on his own clients.

For the reasons stated above, this Court should deny Defendants' motion to adjourn the scheduling conference.

III.    Plaintiff's First Amendment rights are irreparably harmed by delaying discovery.

Defendants raise the issue of the costs of discovery if undertaken before this Court rules on their dispositive motion.  Nowhere do Defendants mention the irreparable harm that is imposed on the First Amendment if discovery is stayed.  The Supreme Court "has long held that '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury'." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  Courts have held that "violations of [F]irst [A]mendment rights constitute per se irreparable injury." *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994). Finally, "[E]ven minimal infringement upon First Amendment values constitutes irreparable injury …." *Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989).  Plaintiff's First Amendment rights should not continue to be irreparably harmed if discovery is not allowed now.

For the reasons stated above, this Court should deny Defendants' motion to adjourn the scheduling conference.

3

WHEREFORE, for the reasons stated above, this Court should deny Defendants' motion to adjourn the scheduling conference.

Respectfully submitted,

/s/ Daniel E. Manville
Daniel E. Manville (P39731)
Director, Civil Rights Clinic
Counsel for Plaintiff
Michigan State University College of Law
610 Abbot Road
East Lansing, MI. 48823
517-336-8088 (office)
517-336-8089 (fax)
daniel.manville@law.msu.edu

## PROOF OF SERVICE

I, Daniel E. Manville certify, under penalty of perjury, that on July 5, 2012, I caused a copy of the above document to be served by the ECF system on Defendants' Attorney.

/s/ Daniel E. Manville

Daniel E. Manville