EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISON LEGAL NEWS, a Project of
the Human Rights Defense Center,

        Plaintiff,

v.                                               Case No. 11-cv-13460
                                               Honorable Denise Page Hood

LIVINGSTON COUNTY SHERIFF BOB
BEZOTTE, individually and officially,
and LIVINGSTON COUNTY,

        Defendants.

_____/

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND
DENYING MOTION TO COMPEL DISCOVERY RESPONSES**

       This matter involves a constitutional challenge to Livingston County Jail's postcard only mail policy for incoming and outgoing mail to inmates.  Now before the Court is Defendants' Motion for Protective Order, filed September 12, 2012, and Plaintiff Prison Legal News' (PLN) Motion to Compel Discovery Responses, filed October 10, 2012.  Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court finds that oral arguments on this matter will not significantly aid the Court in rendering a ruling and will decide this matter on the briefs.

       The parties were previously before the Court on a Motion for Judgment on the Pleadings and Motion for Preliminary Injunction.  Both matters were taken under advisement and are now pending before the Court.  Defendants ask that the Court enter a protective order extending the time allowed for it to respond to PLN's discovery requests until 30 days after the Court rules on the Motion for

Judgment on the Pleadings and Motion for Preliminary Injunction. Defendants assert that granting this request will conserve time and resources by ensuring that discovery is relevant. PLN contends that Defendants are attempting to further delay and that staying discovery will aggravate the irreparable harm to it caused by the alleged violation of PLN's constitutional rights.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)); *see* Fed. R. Civ. P. 26(c). Pursuant to Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." However, the filing of a dispositive motion alone does not warrant the issuance of a protective order. *Hayes v. Liberty Mut. Group Inc.*, No. 11-15520, 2012 U.S. Dist. LEXIS 61419, *20, 2012 WL 1564697 (E.D. Mich. May 2, 2012).

The Court finds that a protective order is appropriate in this case pending resolution of the Motion for Judgment on the Pleadings and Motion for Preliminary Injunction. The pending matters are "based on legal determinations that could not have been altered by any further discovery." *Getting*, 349 F.3d at 304. A stay of discovery until resolution of the pending motions will prevent time waste and judicial resources. It will also allow the parties to narrowly tailor discovery to matters that are relevant to the issues before the Court. Delaying discovery until after resolution of the pending motions will not prejudice Plaintiff's ability to vindicate the alleged violation of its constitutional rights.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Protective Order [Docket No. 51, filed

September 12, 2012] is **GRANTED**.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery Responses [Docket No. 55, filed October 10, 2012] is **DENIED**.

      **IT IS FURTHER ORDERED** that Defendant respond to all discovery requests no later than **FOURTEEN (14) DAYS** after the Court has issued a ruling on Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Preliminary Injunction.

      **IT IS SO ORDERED**.

      S/Denise Page Hood
      Denise Page Hood
      United States District Judge

Dated: November 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2012, by electronic and/or ordinary mail.

      S/LaShawn R. Saulsberry
      Case Manager