UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISON LEGAL NEWS, a Project of
the Human Rights Defense Center,

        Plaintiff,

v.                                            Case No. 11-CV-13460
                                            Honorable Denise Page Hood

LIVINGSTON COUNTY SHERRIFF BOB
BEZOTT, individually and officially,
and LIVINGSTON COUNTY,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION OF THIS COURT'S MARCH 29, 2013, ORDER REGARDING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [#68], DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AUTHORITY [#182], AND NOTING AMENDED ORDER**

      This matter involves a constitutional challenge to Defendants' mail policy as to prisoners. Now before the Court is Plaintiff's Amended Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings. **[Docket No. 68, filed April 15, 2013]** For the reasons stated below, Plaintiff's Motion for Reconsideration is **DENIED**. Plaintiff's Motion to File Supplemental Authorities in Support of its Amended Motion for

1

Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings **[Docket No. 182, filed April 2, 2014]** is also **DENIED**.

## I. BACKGROUND

Plaintiff, Prison Legal News, initiated this action on August 9, 2011. PLN alleges that Livingston County and Livingston County Sheriff Bob Bezotte's policy limiting inmate mail to postcards violates the First Amendment freedom of speech, press, and association, and the Fourteenth Amendment right to due process. Defendants contend, among other things, that jail's policies and procedures regarding inmate mail are legitimate and neutral.

## II. STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration within fourteen days after entry of judgment or order. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Pursuant to Rule 7.1(h)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." The standard of review to be employed by the Court when examining a motion for reconsideration is the "palpable defect" standard. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is

a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The movant must show that (1) the court and the parties have been misled by a "palpable defect," and (2) correcting the defect will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3).

Further, "a motion for reconsideration is not an appropriate vehicle for raising new facts or arguments." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 811 (citing *Salopek v. Comm'r of Internal Revenue*, No. 99–9012, 2000 WL 350263, at *2 (10th Cir. Apr. 5, 2000)). "Like motions pursuant to Federal Rule of Civil Procedure 59, motions under Local Rule 7.1(h) 'are aimed at reconsideration, not initial consideration.'" *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 646 (E.D. Mich. 2011) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "Absent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited." *In re Greektown Holdings, LLC*, 728 F.3d 567, 575 (6th Cir. 2013) (quoting *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009)).

### III. ANALYSIS

Plaintiff makes various arguments for reconsideration. The Court has reviewed each argument and has determined that Plaintiff either seeks to have the Court

3

reevaluate issues that it has already decided upon without a showing of palpable defect or defect that would "result in a different disposition of the case" or raises entirely new issues that it has not yet presented to the Court. For example, Plaintiff argues that the Court "found PLN failed to state a claim for non-delivery of legal mail 'that is not personally marked to an individual inmate'" and that this finding was "contrary to factual findings made by this Court." The Court notes that if mail is already addressed to individual inmates as Plaintiff claims and as this Court has noted, *see* Pl. Compl. at Pg ID 5 ("All items were addressed to specific individual inmates . . . ."), any claim that Plaintiff has made as to mail "not personally marked to an individual inmate" is moot. The Court did not make a conclusion, as Plaintiff contends, that "PLN did not address its publications and legal mail to specific inmates." **[Docket No. 68, Pg ID 2016]** Instead, the Court held that Plaintiff failed to state a claim for a constitutional violation based on mail that was "not personal to an individual inmate" because Plaintiff contends that all of its mail is personally addressed.

Additionally, Plaintiff makes numerous new claims for relief. For example, Plaintiff's reliance on the "overbreadth doctrine" as it is not mentioned in its response to Defendants' motion and one that the Court will not consider in a motion for reconsideration. Plaintiff also makes new arguments that it would have referred prisoners to the ACLU, compares itself to a paralegal, and now argues that its right

4

to meet with the prisoners stems from "a constitutional right for attorneys to meet with witnesses to interview them to find support for the allegations of a party wanting to bring a lawsuit." **[Id. at Pg ID 2018]** The Court notes that in Plaintiff's previous filings, Plaintiff argued based on violations of its right to access witnesses for its own constitutional violations and not those attributable to a prisoner. This is also a new argument and not one that the Court will address in this order. Lastly, Plaintiff makes arguments regarding the right of the prisoners to hire and consult with an attorney, arguments that it had not presented before the Court. Having reviewed Plaintiff's motion and determined that Plaintiff has not pointed to any palpable defect in the Court's order that would lead to a different outcome and, having found that the remaining claims are new claims that the court will not address in a motion for reconsideration, Plaintiff's motion is **DENIED**. The Court will, however, for clarity purposes reissue the order amending the "It is Ordered" section only.

The Court also notes that on April 2, 2014, Plaintiff filed a Motion to File Supplemental Authorities in Support of its Amended Motion for Reconsideration **[Docket No. 182]**. The Court has reviewed this supplemental material and that motion is **DENIED** for the same reasons it has denied the instant motion.

**IV. CONCLUSION**

Accordingly,

5

**IT IS ORDERED** that Plaintiff's Amended Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings **[Docket No. 68, filed April 15, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Supplemental Authorities in Support of its Amended Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings **[Docket No. 182, filed April 2, 2014]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will enter an amended Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings consistent with what has been noted above.

**IT IS SO ORDERED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: April 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2014, by electronic and/or ordinary mail.

        S/Julie Owens for LaShawn R. Saulsberry
        Case Manager