UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISON LEGAL NEWS, a Project
of the Human Rights Defense Center,

    Plaintiff,

v.

LIVINGSTON COUNTY SHERIFF
BOB BEZOTTE, individually and officially,
and LIVINGSTON COUNTY,

    Defendants.
_____/

Case No. 11-CV-13460
Honorable Denise Page Hood

## ORDER REGARDING MOTIONS FOR RECONSIDERATION OF ORDER STRIKING ATTACHMENT 3 I.E. EXHIBIT 2 OF DOCKET 159

On April 14, 2014, this Court entered an Order Granting Defendants' (Bob Bezotte and Livingston County) Motion to Strike Attachment 3 I.E. Exhibit 2 of Docket No. 159. Defendants had filed their Motion to Strike on April 11, 2014. On April 22, 2014 Plaintiff Prison Legal News filed the Motion at issue. On April 16, 2014, the American Civil Liberties Union Fund of Michigan ("ACLU") had filed a Motion for Reconsideration of Order Striking Exhibit and for Leave to File Response in Opposition to Defendants' Motion to Strike Exhibit.

A brief summary of the facts of this case can be found in this Court's Order of March 29, 2013. (Docket No.63)

The Plaintiff is correct in stating that the Court entered the Defendants' Motion to Strike, *ex parte*, without giving Plaintiff the opportunity to be heard or to respond in any way in opposition to Defendants' motion. Plaintiff also argues that the Defendants in their motion claimed that the email attached to Exhibit 2, which they sought to strike, had been inadvertently filed. Plaintiff asserts that the Defendants claimed inadvertence, but did not support their claim of inadvertence nor further address the factors to be considered under Rule 502(b) of the Federal Rules of Evidence governing inadvertent disclosure of privileged material. The Plaintiff is correct in noting that the Motion to Strike did not address the factors in Rule 502(b) and in only a limited way supported that the disclosure was inadvertent. The Defendants, on April 28, 2014, filed a Brief in Response to ACLU's Motion for Leave to File Response in Opposition to Defendants' Motion to Strike.

The Court agrees that it entered its Order *ex parte*. The Court further states that it erred when it entered the Order without an opportunity for the Plaintiff to respond. See E.D. Mich. Local Rule 7.1. Because of that, the Court grants Plaintiff's Motion for Reconsideration. The Court considers Defendants' Brief in Response to ACLU's Motion for Leave to File Response in Opposition to Defendants' Motion to Strike as a response to Plaintiff's Motion for Reconsideration and here reconsiders the Motion to Strike.

Federal Rule of Evidence 502(b) governs the inadvertent disclosure of privileged material. The Rule states in pertinent part:

> (b) Inadvertent disclosure. When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).

Fed. R. Evid. 502(b).

The burden of showing the disclosure was truly inadvertent is on the party so claiming. *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 845, 850 (E.D. Mich. 2010) (quoting, *Fox v. Massey-Ferguson. Inc.*, 172 F.R.D. 653, 671 (E.D. Mich. 1995)). If the party claiming inadvertence is unable to establish all the three elements the conclusion is that the privilege is waived.

Plaintiff argues that the email portion of Exhibit 2 (an email exchange between Defendants' attorney and Lt. Tom Cremonte, the Livingston County Jail Administrator) was not inadvertently disclosed. Instead, Plaintiff claims the Defendants extensively rely on the email in their Motion for Sanctions to show that 25 letters were sent to the jail by an ACLU attorney. In addition, the email remained

a part of the pleadings for over 32 days before the Defendants filed their Motion to Strike.

Plaintiff further argues that the Defendants did not address the second and third factors in Rule 502(b): the holder of the privilege took reasonable steps to prevent disclosure; and the holder promptly took reasonable steps to rectify the error. Plaintiff asserts that Defendants did not take reasonable steps to prevent the disclosure because they intended to rely on it and "it suited their litigation posture at the time." Plaintiff further asserts that no reasonable steps were taken to rectify the disclosure as no Motion to Strike was filed until 32 days later. The Motion to Strike was filed after both the Plaintiff and the ACLU had responded to the Motion for Sanctions and after Defendants had replied to both responses.

Defendants argue that the email was inadvertently disclosed because defense counsel "maintains a paperless system" and the email and the letter in Exhibit 2 of the Motion for Sanctions were kept in one electronic file. The Defendants also claim that two defense attorneys reviewed the Motion for Sanctions and the Brief attached, but did not review the attached exhibits. Instead they state the exhibits were assembled and filed by a "non-attorney." Defense counsel also claims to be a "new" attorney and new to this case. Defendants claim the error was unintentional. Defense counsel claims she took immediate action to rectify the disclosure, upon realizing the error.

4

However, as noted above the action to rectify was filed after Defendants had replied to the responses of Plaintiff and the ACLU to the Motion for Sanctions.

The Court finds that the Defendants only slightly prevail on the issue of inadvertence. Relative to steps taken to reasonably prevent disclosure, the Defendants did not reasonably protect their document from disclosure. Relative to the steps taken to rectify disclosure, the Court finds that the Defendants took no action for 32 days. The Defendants likely read the responses of the Plaintiff and the ACLU and thereafter replied, thereby having reasonable opportunity to have reviewed their own filings and those of their opponents, yet not uncovering this disclosure. The Court finds that Defendants have not demonstrated that the disclosure was inadvertent under Rule 502 (b).

The ACLU filed a Motion for Reconsideration of the Order Striking Exhibit and for Leave to File a Response in Opposition to Defendants' Motion to Strike Exhibit. The Court had granted the ACLU *amicus curiae* status. Classical participation as an amicus to brief and argue as friend of court is a privilege within the sound discretion of the courts. *United States v. Michigan,* 940 F.2d 143, 165 (6th Cir. 1991). The Court exercises its discretion and denies the ACLU's Motion for Leave to File a Response in Opposition to Defendants' Motion to Strike. Having granted Plaintiff's Motion for Reconsideration the Court finds the ACLU's motion to be moot.

Having reconsidered the Motion to Strike filed by the Defendants,

IT IS ORDERED that Plaintiff's Motion to Reconsider **(Docket No. 199, filed April 22, 2014)** is GRANTED and upon reconsideration the Motion to Strike (Docket No. 195, filed April 11, 2014) is DENIED.

IT IS FURTHER ORDERED that the ACLU's Motion for Reconsideration of Order Striking Exhibit is MOOT and for Leave to File Response in Opposition to Defendants' Motion to Strike Exhibit is DENIED **(Docket No. 197, filed April 16, 2014)**.

                                              s/Denise Page Hood
                                              DENISE PAGE HOOD
                                              United States District Judge

DATED: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2015, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager