UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PRISON LEGAL NEWS,** a Project
of the Human Rights Defense Center,

        Plaintiff,

v.

**LIVINGSTON COUNTY SHERIFF BOB
BEZOTTE** and **LIVINGSTON COUNTY,**

        Defendants.
_____/

Case No. 11-CV-13460
Hon. Denise Page Hood

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
and
ALLOWING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

      Defendants Livingston County Sheriff Bob Bezotte and Livingston County filed this Motion for Summary Judgment against Plaintiff, Prison Legal News, a Project of the Human Rights Defense Center. Plaintiff filed a response and Defendants replied. For the reasons set forth below, the Court grants the Motion for Summary Judgment, but allows Plaintiff to file an Amended Complaint.

      Defendants move for summary judgment claiming that Plaintiff, Prison Legal News, a Project of the Human Rights Defense Center, does not have the legal capacity to sue. Defendants raised this as an affirmative defense in their Answer and

Affirmative Defenses. Defendants claim that, through discovery, it has been revealed that Prison Legal News is not a corporation or any other business association but, rather, is a monthly newsletter that also maintains a website and publishes and distributes books. Defendants claim that Prison Legal News has held itself out as a legal entity with the capacity to sue, but it is not, and, therefore its case must be dismissed.

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

Defendants assert that Prison Legal News has not met the requirements to have the capacity to sue or to be sued under Federal Rules of Civil Procedure 17(b). Rule 17(b) states in part:

> (b) **Capacity to Sue or Be Sued**. Capacity to sue or be sued is determined as follows:
>
> * * *
>
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located …

Fed. R. Civ. 17(b).

Plaintiff, having been organized in the State of Washington, would be governed by the laws of that state. *In re Brown,* 342 F.3d 620, 633 (6th Cir. 2003) The Washington Business Corporation Act requires that a corporation organized under

3

Washington law, must sue or be sued, complain or defend, in the "corporate name." Wash. Rev. Code Ann. Sec. 23B.03.020. An association must have a separate legal entity to be sued. *Hartford Ins. Co. v. Ohio Cas. Ins. Co.,* 145 Wash. App. 765,7 74 (2008). Defendants claim that dismissal of all claims is appropriate where the Plaintiff is not a legal entity, citing *Perry v. Rado,* 155 Wash. App. 626, 641 (2010).

Even though the Complaint is captioned "Prison Legal News, a Project of the Human Rights Defense Center," and Paragraph 1 of the Complaint states, "This is an action brought by Plaintiff Prison Legal News, a project of the Human Rights Defense Center…", Defendants allege that Prison Legal News has represented itself as Prison Legal News and thereby a separate legal entity. Even during discovery when financial data of Prison Legal News was requested, Defendants received tax returns of the Human Rights Defense Center. When Articles of Incorporation were requested, Articles of Incorporation of the Human Rights Defense Center were produced. These documents indicate the name of the corporation was originally, Prisoners' Legal News. The Articles of Incorporation were amended in Febraury 2009 changing the name to the Human Rights Defense Center. Prison Legal News and its founder have not denied that Prison Legal News is not a legal entity, but admit that it is a monthly newsletter of Human Rights Defense Center. Defendants claim that Prison Legal News, by referring to itself as "Plaintiff Prison Legal News" in pleadings, discovery

requests and responses, has held itself out as a legal entity.

Defendants cite predominantly two cases, *Perry, supra* and *Foothills Development Company v. Clark County Board of County Commissioners,* 46 Wash. App. 369, 377 (1986) to support their request that the matter be dismissed. Both cases are distinguishable from these facts. Here, Prison Legal News does not seek to confuse or to unfairly take advantage of Defendants by seeking to file suit as Prison Legal News and, later, as the Human Rights Defense Center. The initial caption, the Complaint and other filings clearly list Prison Legal News as a "Project of the Human Rights Defense Center."

Plaintiff, in its Response, argues that the purpose of Rule 17 is to protect defendants against a subsequent action by one who is not a party to the initial action. Fed. R. Civ. P. 17, Notes of Advisory Committee on Rules-1966 Amendment. Plaintiff admits that Prison Legal News is not a corporate entity standing alone. Plaintiff also notes that, under Washington Law, a corporation must file its Registered Trade Names with the State of Washington Business Licensing Service whenever it does business under a trade name different from its corporate name. Wash. Rev. Code Sec. 19.80.010. Plaintiff notes that the trade name, Prison Legal News, is registered to the Human Rights Defense Center and can be easily found on the Washington Business Licensing Service's website. Plaintiff also argues that the Washington

Supreme Court has held that corporations are exempt from RCW 19.80.040 in certain circumstances stating:

> Although, as we have noted, under RCW 19.80.040 no persons carrying on any business within the state may maintain any suit or action in any court without pleading and proving the filing of an assumed-name certificate prescribed in RXCW 19.80.040, the legislature apparently intended to exempt corporations from this requirement if the corporation identifies itself in its pleadings both as to its true corporate name and its assumed name. *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.,* 71 Wn 2d 679, 682 (1967).

Plaintiff claims that Defendants attempt to make an "arbitrary" distinction between Prison Legal News and the Human Rights Defense Center where none exists. This Court agrees. The Court finds that Plaintiff did not attempt to mislead this Court or Defendants as to its identity since the entity, Human Rights Defense Center, appears in the caption of the Complaint. However, the legal entity with the capacity to sue is the Human Rights Defense Center, a legal corporation under the laws of the State of Washington, not "Prison Legal News, a project of the Human Rights Defense Center." It is not clear in the Complaint that the Human Rights Defense Center is the entity capable of filing suit. The Court is aware that "Prison Legal News" has filed cases before other courts, but has not found any case dismissing the action against "Prison Legal News" because it was not a legal entity. *See, e.g., Prison Legal News v. Livingston*, 683 F.3d 201 (5th Cir. 2012)(Noting, "Prison Legal News" is a non-profit corporation, a case filed in the Southern District of Texas on November 4, 2009,

6

after the February 2009 amendment of the Articles of Incorporation) and *Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005)(Noting, "Prison Legal News" as a Washington nonprofit corporation, a case filed before the 2009 amendment of the Articles of Incorporation).

Rule 17 saves Plaintiff from dismissal of its claims based on the incapacity to sue. Rule 17 (a)(3) states:

> (3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The Court would only deny an amendment to the Complaint if it could be shown that the amendment was in bad faith, for dilatory purposes, created undue delay, prejudice to the opposing party or would be futile. *Foman v. Davis,* 371 U.S. 178, 183 (1962); *Leary v. Daeschner,* 349 F. 3d 888, 905 (6th Cir. 2003). The Court finds such an amendment would not be in bad faith, for dilatory purposes, create any more undue delay, does not prejudice Defendants, and would not be futile. Plaintiff has not sought to hide its true identity. However, the Human Rights Defense Center is clearly the entity to sue and be sued; amendment is required. Papers already filed (other than the Complaint) need not be amended to reflect the proper Plaintiff.

Plaintiff may still use its common or trade name, "Prison Legal News" in future papers filed in this Court, so long as the Complaint is amended to state the proper Plaintiff and the relationship Prison Legal News has with the Human Rights Defense Center.

Accordingly, Defendants' (First) Motion for Summary Judgment is GRANTED for the reason stated herein.

ITS IS ORDERED that Defendants' Motion for Summary Judgment (Docket #112, filed December 5, 2013) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall have 14 days to amend the Complaint to reflect and clearly state the appropriate Plaintiff in the caption and in paragraphs 1 and 8 only. No new discovery need be taken.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager