## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PRISON LEGAL NEWS,

        Plaintiff,

v.                                    Case No. 11-CV-13460
                                    Hon. Denise Page Hood

LIVINGSTON COUNTY SHERIFF BOB
BEZOTTE and LIVINGSTON COUNTY,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RULE 34 ENTRY ON LAND FOR EXPERT AND COUNSEL [#123]

Before the Court is Plaintiff's Motion to Compel Rule 34 Entry on Land for Expert and Counsel. **[Docket No. 123, filed January 10, 2014]** Defendants filed a Response to this Motion on January 27, 2014, **[Docket No. 131]**, to which Plaintiff filed a Reply. **[Docket No. 145, filed February 4, 2014]** In its Motion, Plaintiff moves the Court to grant "its lawyers and students" the authority to review the mailroom, the cell areas, and the law library of the Livingston County Jail. Plaintiff also seeks permission to review the processing of the mail at the jail and to interview "detainees confined at the jail" to discuss "issues pertaining to this litigation." Specifically, in its Second Amended Motion for Entry on Land **[Docket No. 123, Exhibit 6]**, Plaintiff stated:

**THE AREAS TO REVIEW ARE THE FOLLOWING.**

1. The area where the mail from the United States Post Office is brought into the jail and processed; where it is taken once processed by mailroom staff; where it is held until it is distributed to the prisoners; where mail is held that is being considered for non-delivery or has been determined to be non-deliverable mail; and where the notice of mail rejections are kept; and where the rejected materials is kept until a hearing is held.

2. Plaintiff's staff will be present to review the processing of United States Post Office mail addressed to those at the Jail, which will include how the mail is separated by mailing staff; what is done with each piece of mail addressed to those confined; the processing of any mail determined to violate jail security or good order; the process of the mail being distributed to each cell; how mail being considered for rejection is processed; where these rejection slips are held; where and how rejection notices hearings are held.

3. Plaintiff's staff will also want to enter at least 10 jail cells, selected at random, to observe the size and configuration of the each cell and the items contained in each cell.

4. Plaintiff's staff will also want to enter the area of the jail where books and magazines are kept, including where legal materials are kept, to observe and determine what are kept in these areas and how those confined obtain access to these items.

2

5. Plaintiff's staff will also want to talk to eat least 20 separate detainees, some of those being held pending trial land some of those convicted, as to issues involved in this litigation.

6. Plaintiff's staff will also want to inspect the inmate's property locker for those presently confined at the jail, any records as to what was placed in these lockers, and any records from two years prior to the litigation up through present showing what items were placed in lockers of those previously confined at the jail and any documents reflecting what those released from the jail signed for as to what was kept in their inmate's locker.

**[Id.]** Plaintiff also seeks sanctions against Defendants for not abiding by its request.

In their Response, Defendants request that this Court deny Plaintiff's Motion and enter a protective order.   Defendants contends that Plaintiff's request to observe the jail's mail procedure should be denied because the alleged burden is outweighed by any benefit, the information is obtainable from another source that is more convenient and less burdensome, and the physical aspects of the jail's mailroom and storage facilities are irrelevant to Plaintiff's claims.   As to Plaintiff's request that it be allowed to inspect the size and configuration of the jail cells and property lockers, Defendants argue that the request should be denied because the information Plaintiff seeks is irrelevant to this lawsuit.   Defendants also request reasonable

attorney fees as a sanction for having to respond to a motion it deems not in compliance with Federal Rule 26(g).

Federal Rule of Civil Procedure 34 states that, "A party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). "In a civil case, . . . a party is entitled as a general matter to discovery of any information sought if it appears 'reasonably calculated to lead to the discovery of admissible evidence." *Degen v. United States*, 517 U.S. 820, 825-26 (1996) (quoting Fed. Rule Civ. Proc. 26(b)(1)). The district court, however, has the power to enter protective orders limiting discovery as the interests of justice require. *See* Fed. Rule Civ. P. 26(c) (stating that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Here, Plaintiff requests that the Court allow it to visit the Livingston County Jail to review the mailroom, the cell areas, and the law library of the Livingston County Jail, requests permission to review the processing of the mail at the jail, and also permission to interview "detainees confined at the

4

jail" to discuss "issues pertaining to this litigation."  Plaintiff has failed to cite to any cases in which a Court has allowed attorneys who are not seeking to give detainees legal advice or represent them in some way have access to detainees while incarcerated to further their own litigious goals.  As stated in this Court's March 29, 2013, Order, PLN does not have a right to access inmates in order to vindicate its own constitutional grievances. *See Haitian Refugee Center v. Baker*, 953 F.2d 1498, 1513-14 (11th Cir. 1992) (reasoning that "[t]he Constitution . . . does not require the Government to assist the holder of a constitutional right in the exercise of that right" and case law does not support "the conclusion that the Government infringes associational freedom when it denies access to those whom it lawfully detains"); *Ukrainian-American Bar Ass'n, Inc. v. Baker*, 893 F.2d 1374, 1382 (D.C. Cir. 1990) (reasoning that "[t]o admit everyone who would like to advise the [detainee], each in accordance with his own view of the good life, and to communicate their offers of assistance would impose a substantial burden upon the Government.").

Plaintiff again seems to seek to inspect the mailroom and storage facilities, review the mail procedures, review the jail cells, and speak with inmates to assert its own rights and build its own case. Plaintiff is a publication and is not in the business of informing inmates of their legal

rights to provide legal representation such that is should have the same level of access to inmates as attorneys and legal aid organizations. The Court finds no right that "guarantees [Plaintiff] governmental assistance in pursuing [its] political objective." *Ukrainian-American Bar*, 893 F.2d at 1380. This Court is satisfied that, as Plaintiff noted, this is indeed a discovery issue but "rule 34 [does not] permit[] blanket discovery upon [a] bare skeletal request when confronted with an objection." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). Plaintiff has failed to show how the information it seeks by entering the jail is relevant to its constitutional claims at this time or that access to information cannot be obtained by other means.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Rule 34 Entry on Land for Expert and Counsel **[Docket No. 123, filed January 10, 2014]** is **DENIED**.

<div style="margin-left:40%">
S/Denise Page Hood
Denise Page Hood
United States District Judge
</div>

Dated: April 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager