UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUMAN RIGHTS DEFENSE CENTER,
d/b/a Prison Legal News,

        Plaintiff,

v.

LIVINGSTON COUNTY SHERIFF BOB
BEZOTTE, individually and officially,
LIEUTENANT THOMAS CREMONTE,
individually and officially, and
LIVINGSTON COUNTY,

        Defendants.
                                          /

Case No. 11-cv-13460
Honorable Denise Page Hood

## ORDER DENYING PLAINTIFF'S
## RULE 54(b) MOTION [Dkt. No. 246]

### I.    INTRODUCTION

Plaintiff recently filed a Rule 54(b) Motion Seeking Relief from the Order Granting Defendants' Motion for Partial Summary Judgment. [Dkt. No. 246] Plaintiff seeks reconsideration of the Court's conclusion in its March 29, 2013 Order that Plaintiff's regarding the delivery of "legal mail" and visitation with clients were not viable. Plaintiff's Motion has been fully briefed, and the Court heard argument on the Motion at a May 31, 2016 hearing.

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 54(b) states:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims ... shall not terminate the action ... and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Sixth Circuit has held that "[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004); *see also Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir.1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment. A district court may modify, or even rescind, such interlocutory orders." (citations omitted)).

Plaintiff argues that, in this case, the Sixth Circuit's holding in *ACLU v. Livingston County*, 796 F.3d 636 (6th Cir. 2015), which was not available for the Court's consideration or Plaintiff's argument that precipitated the Court's decision, constitutes an intervening change of controlling law. Plaintiff argues that the *ACLU v. Livingston County* decision contravenes this Court's findings on March 29, 2013

2

that Plaintiff "has failed to state a claim for a constitutional violation as to Defendants' failure to allow visitation of inmates or delivery of 'legal mail' not personal to an individual inmate." Dkt. No. 64, PgID 1994.

**B. Analysis**

In its Motion and supporting brief, Plaintiff contends that:

> In *ACLU v. Livingston*, the Sixth Circuit unequivocally stated that mail from an attorney is "legal mail as a matter of law because 'unimpaired, confidential communication with an attorney is an integral component of the judicial process.'" 796 F.3d at 643 (citing *Sallier v. Brooks*, 343 F.3d at 877); *see also id.* "*all incoming mail from attorneys* and from the courts is to be treated as privileged mail" (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (emphasis in original)). Accordingly, the first analysis must be whether the correspondence on its face established that it came from a licensed attorney. In *ACLU*, the Sixth Circuit relied on several factor

3

s including: 1) notations on the outside of the envelope and the letter identifying it as "legal mail;" 2) the name of a licensed attorney; and 3) the name of the organization or firm affiliated with the

attorney. 796 F.3d at 640. While the Sixth Circuit certainly did not intend this to be an exhaustive list, the intent was clear – the jail staff receiving the correspondence must be able to

determine that the letter came from an attorney.

Dkt. No. 246, PgID 6404. Plaintiff then contends that, because correspondences to Livingston County Jail inmates clearly labeled as coming from attorney Daniel Manville were not processed to prisoners, Defendants' actions contravened the law "announced" in *ACLU v. Livingston County*. *See id*. at PgID 6408-15.

Defendant argues, and the Court agrees, that Plaintiff's argument regarding mail sent to Livingston County Jail inmates by attorney Daniel Manville is not persuasive or relevant. Plaintiff does not dispute that: (1) the issue of correspondence from attorney Daniel Manville was not identified in the motions underlying the Court's March 29, 2013 Order; and (2) the Court did not address the issue of correspondence from Daniel Manville in the March 29, 2013 Order. Plaintiff also does not dispute that it withdrew, prior to any action by the Court, the proposed pleadings Plaintiff later sought leave to file regarding attorney Daniel Manville's correspondence with inmates at Livingston County Jail. *See* Dkt. Nos. 122 and 147. The Court never considered previously, and the Court concludes that it does not need to consider now for purposes

of deciding Plaintiff's Rule 54(b) Motion, the envelopes or letters that constitute the correspondence from attorney Daniel Manville to inmates at Livingston County Jail.

In footnote 4 of Plaintiff's brief in support of the Rule 54(b) Motion and in Plaintiff's reply brief, Plaintiff presents an argument that Plaintiff is not simply a publisher but that it advocates and litigates on prisoner rights issues nationwide. Although that may be true, there is no evidence, or even any argument, that the correspondence Plaintiff sent to the Livingston County Jail inmates was for the purpose of providing legal counsel to the inmates. The absence of intent to provide legal counsel was recognized by the Court when it issued the March 29, 2013 Order,[1] and Plaintiff's arguments in its Rule 54(b) motion continue to demonstrate that Plaintiff's motivation behind the present cause of action is to pursue <u>Plaintiff's</u> rights, not to provide legal counsel or representation to inmates at Livingston County Jail. *See, e.g.*, Dkt. No. 246, PgID 6413 ("[Plaintiff] has third-party standing to assert the rights *of other organizations and individuals who correspond with prisoners* at the Livingston County Jail, . . ." (emphasis added)).

Plaintiff also asks the Court to reconsider its ruling in the March 29, 2013 Order

---

[1] *See* Dkt. No. 64, PgID 1991 ("Here, [Plaintiff] is a publication and not a legal aid organization. Although the distribution of its publication will ultimately inform inmates of their legal rights, . . . [Plaintiff] is not attempting to provide legal representation to the inmates. . . . The purpose of the conversation is . . . to gather more information on the alleged wrong committed against [Plaintiff].").

7

that Plaintiff's attorneys did not have a right to visit with inmates. The Court first notes that, as Plaintiff implicitly acknowledges in its briefs, *ACLU v. Livingston County* did not address or make a ruling regarding the issue of whether an attorney has a right to visit with a prisoner where (as here) no attorney-client relationship exists. The Court also finds Plaintiff's argument unpersuasive for the same reasons stated above regarding correspondence with Livingston County Jail inmates. Again, Plaintiff was not acting as legal counsel to the inmates but instead was seeking to further its own cause of action.[2]

For the reasons stated above, the Court denies Plaintiff's Rule 54(b) Motion.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Rule 54(b) Motion Seeking Relief from the Order Granting Defendants' Motion for Partial Summary Judgment [Dkt. No. 246] is DENIED.

IT IS SO ORDERED.

---

[2] *See* Dkt. No. 64, PgID 1992 ("[Plaintiff] is a publication and not an organization seeking to offer legal services to inmates. Informing inmates of their legal rights is ancillary. The primary objective in talking to inmates is to allow [Plaintiff] to better assert its own legal interests so that [Plaintiff] will be able to distribute its publications. Here, [Plaintiff] is not attempting to talk with inmates as an act of expression. Rather, [Plaintiff] is talking to inmates [a]s part of discovery.").

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: March 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager