# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HUMAN RIGHTS DEFENSE CENTER,
d/b/a Prison Legal News,

        Plaintiff,

v.

LIVINGSTON COUNTY SHERIFF BOB
BEZOTTE, individually and officially,
LIEUTENANT THOMAS CREMONTE,
individually and officially, and
LIVINGSTON COUNTY,

        Defendants.
_____/

Case No. 11-cv-13460
Honorable Denise Page Hood

## ORDER DENYING PLAINTIFF'S
## MOTION FOR CIVIL CONTEMPT AND TO
## ENFORCE PRELIMINARY INJUNCTION [Dkt. No. 256]

On July 22, 2016, Plaintiff filed its Motion for Civil Contempt and to Enforce Preliminary Injunction. [Docket No. 256] The matter is fully briefed. For the reasons that follow, Plaintiff's Motion is denied.

## I.      BACKGROUND

A short summary of the claims of Plaintiff can be found in other court Orders, specifically the Court's Orders dated March 29, 2013. [Docket Nos. 63, 64] On March 31, 2016, the Court ordered that:

[E]ffective immediately, Defendants must, in every instance that

> Defendants reject (*i.e.*, do not deliver) mail sent by Plaintiff to a designated inmate at the Livingston County Jail (at least with respect to the initial copy of any publication): (a) notify Plaintiff of such rejection; (b) notify the designated inmate recipient of such rejection; and (c) notify Plaintiff and the designated inmate recipient of the right to—and afford Plaintiff and the designated inmate the opportunity to—appeal any such rejection to an impartial third party.

Dkt. No. 239, PgID 6328.

Plaintiff states that it has sent copies of its monthly journal (*Prison Legal News*), its book (*Prisoners' Guerilla Handbook: A Guide to Correspondence Programs in the United States and Canada* ("*Prisoners' Handbook*")), and enveloped mail (informational packets, court rulings, and *Prison Legal News* sample issues) individually addressed to prisoners at the jail. Dkt. No. 257, at ¶ 4. Plaintiff contends that it did not receive any returned mail or due process notice for the monthly issues of *Prison Legal News* it sent to prisoners at the Jail in April, May, and June 2016. Plaintiff further contends that: (a) it did not receive due process notices for the enveloped mail or the *Prisoners' Handbook*, and (b) all enveloped mail and copies of the *Prisoners' Handbook* were returned to Plaintiff, unopened, with the names of the prisoner-addressee blacked-out with marker. The packages that contained only the *Prisoners' Handbook* had labels on the outside of the packaging directing Plaintiff to pay the cost of the return postage. The copies of another book sent by Plaintiff to prisoners—titled *The Habeas Citebook: Ineffective Assistance of Counsel* ("*Habeas*

*Citebook*")—were returned unopened, with the name of each prisoner-addressee blacked-out with marker, and there was an ink stamp on the outside of the packaging directing Plaintiff to the Livingston County Sheriff's website for the procedure for appealing the rejection of the *Habeas Citebook*.

Defendants assert that they revisited their mail policies immediately after receiving the Court's March 31, 2016 Order in order to comply with that Order. They assert that staffing and budgetary restraints affected their ability to formulate a policy, but one was approved on May 17, 2016 and implemented fully in early June 2016. Defendants contend that all rejected mail is stamped and returned to sender—the stamp indicates the reason for rejection and directs the sender to the Livingston County Jail's website to view the appeal policy. Defendants state that inmates also receive notice of the rejection, the reason for the rejection, and are given the opportunity to appeal the rejection. Defendants state that details of how to file an appeal are posted in every inmate housing unit and in the inmate rulebook. An appeal is required to: (a) be titled "Mail Appeal," and (b) specify the reason the inmate feels the rejection of mail was incorrect, including "a description of the nature of the rejected mail." Appeals are reviewed by one of the jail lieutenants and that person makes the final decision.

Plaintiff requests that the Court: (1) enter an order of civil contempt against

Defendants; (2) require Defendants to pay Plaintiff's attorneys' fees; (3) impose monetary sanctions against Defendant Bob Bezotte in his individual capacity; (4) grant Plaintiff a permissive jury instruction that Defendants' conduct was willful and wanton; and (5) require Defendants to revise their due process policy as outlined in Plaintiff's motion.

## II. ANALYSIS

### A. Standard for Contempt

The power to hold a party in contempt is within the discretion of the district court. *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989). Civil contempt is appropriate when a party is not in compliance with a court's order, and though it "may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983); *Banner v. City of Flint*, 99 F. App'x 29, 40 (6th Cir. 2004) (same). "A district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)).

A party that moves to hold another party in contempt must prove by clear and convincing evidence that the non-movant is in violation of a "definite and specific

order of the court." *Electric Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

**B.     Analysis**

Plaintiff argues that the mail it sent to inmates at the Livingston County Jail in April, May, and June 2016 was censored without due process notice, and its specific complaints about how Defendants violated the Court's March 31, 2016 Order are outlined below.  Defendants argue that Plaintiff and inmates were (and are) notified when mail is rejected, have been informed of the appeal process, and that any appeal submitted is reviewed by a jail lieutenant and the party filing the appeal is notified of the jail lieutenant's decision.  Defendants assert that such a policy satisfies the three requirements of the Court's March 31, 2016 Order because it: (1) notifies Plaintiff of the rejection; (2) notifies the inmate of the rejection; and (3) gives both Plaintiff and the inmate an opportunity to appeal to an impartial third party.

First, Plaintiff asserts that it has never been provided due process notice as it relates to the *Prison Legal News*, nor were such journals returned to Plaintiff in an attempt to escape judicial review.  Plaintiff contends that Defendants' action was intentional and without regard to the Court's order.  Relying on an affidavit of Lieutenant Jeffery A. LeVeque, the Livingston County Jail Administrator, Defendant responds that it returned to Plaintiff all copies of the *Prison Legal News* that

Livingston County Jail received "in April, May, or June" (no year specified). Dkt. No. 266, Ex. 1 at ¶ 20. Defendant also argues, correctly, that Plaintiff "is fully aware that its journal will not be delivered under the Jail's current mail policy because it violates the postcard and publications policy."

As has been discussed throughout this litigation, the Livingston County Jail has a policy that prohibits any books, magazines, or other mail, except for "standard white post cards" and "bona-fide legal mail." The Fifth Circuit has held that Plaintiff is not entitled to notice of subsequent denials of identical publications when the denial amounts to routine enforcement of a rule with general applicability. *Prison Legal News v. Livingston*, 683 F.3d 201, 223 (5th Cir. 2012) (the Court cited this case in its March 31, 2016 Order).

Plaintiff knew of Livingston County Jail's postcard-only policy long before the March 31, 2016 Order, and nothing in the March 31, 2016 Order (or any other order) suggests that Defendants had to accept copies of the *Prison Legal News*. For that reason, it is unclear why Plaintiff would continue to try to send copies of the *Prison Legal News* (and the *Prisoners' Handbook* and the *Habeas Citebook*) to Livingston County Jail inmates — or have any reason to believe that such publication(s) would be delivered to those inmates. On the other hand, it appears that Defendants technically, and admittedly, were in violation of the March 31, 2016 Order because

they did not comply with the requirements of the Order "at least with respect to the initial copy of [that/those] publication[(s)]."

Plaintiff asserts that Defendants have been inconsistent regarding the copies of *Prison Legal News* sent to inmates at the Livingston County Jail in April-June 2016. As noted above, Defendants have responded to the instant motion by claiming that they returned those copies, even though Plaintiff has no record of receiving them. Plaintiff asserts that when it inquired, prior to filing the instant motion, about those copies of *Prison Legal News*, Defendants represented that no issues of *Prison Legal News* had been received at the Livingston County Jail for more than a year. [Dkt. No. 269, PgID 8072 and at Ex. 1] Plaintiff rightfully argues that both of Defendants' responses cannot be true.

Second, Plaintiff contends that all enveloped mail and copies of the *Prisoners' Handbook* were returned to Plaintiff—unopened, with the recipient's name blacked-out, and without notice of the reasons for censorship or the appeal process. The returned books also included a label directing Plaintiff to pay postage for the cost of returning the books. Plaintiff argues that this process did not allow for an individualized determination as to whether the correspondence would be a threat to legitimate security interests.

Defendant responds that the documents that Plaintiff's counsel attached to a

July 1, 2016 letter to Defendants' counsel show that the returned mail had a return to sender stamp, with a reason for rejection (either "NOT LEGAL MAIL" or "VIOLATES JAIL POLICY" or both), and notifying the sender of the appeal process on the outside of the package ("SEE APPEAL PROCESS AT [WWW.LIVGOV.COM/SHERIFF/JAIL").](WWW.LIVGOV.COM/SHERIFF/JAIL") Plaintiff argues that the documents Defendants identify were only a few of the many enveloped mail and *Prisoners' Handbooks* sent to inmates at the Livingston County Jail. [*See* Dkt. No. 257, Ex. 2 and 3] Plaintiff's argument is inconsistent with the photocopies of what it states are enveloped mail that was returned—each of which included a label that says "NOT DELIVERABLE AS ADDRESSED" or "RETURN TO SENDER" or "UNCLAIMED." [Dkt. No. 257, Ex. 2]

Third, Plaintiff contends that the eight copies of the *Habeas Citebook* they sent to Livingston County Jail inmates were returned—though, unlike the enveloped mail and the *Prisoners' Handbook*, they had a stamp giving the reason for rejection and directing Plaintiff to the Livingston County Sheriff's website for the appeal process. Defendants argue that Plaintiff's acknowledgment that the stamp was on the returned *Habeas Citebooks* shows that Defendants were in compliance with the Court's March 31, 2016 Order. Plaintiff again argues that there were more copies of the *Habeas Citebook* sent to inmates than Defendants identify.

8

Fourth, Plaintiff states that the appeal process is meaningless and illusory because none of the packages were opened, so the contents were never evaluated prior to censoring the items. Plaintiff does not contend that it or any inmate appealed the rejection of the mail at issue, so it is not clear how Defendants violated the March 31, 2016 Order with respect to that step. Defendants contend that the jail lieutenant's review is impartial, as the Fifth Circuit held in *Prison Legal News v. Livingston*, 683 F.3d 201, 223 (5th Cir. 2012) (again, the Court cited this case in its March 31, 2016 Order).

Defendants argue that they were in full compliance by the end of May 2016, even with the staffing and budgetary constraints, as well as undertaking the steps to develop and implement the new policy that satisfied the 14th Amendment, including having to update its website, acquire necessary supplies, and train its employees. Citing *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989) (petition for contempt denied when Ohio Department of Human Services did not comply with an injunction within nine years because it had to purchase new office equipment, develop a new computer system, and train employees).

Plaintiff counters that the steps required by the Court in the March 31, 2016 Order were not unusual or burdensome. Plaintiff contends that such steps are used by "thousands of correctional facilities across the country." Plaintiff argues that

9

Defendants had the burden to show that they were unable to <u>immediately</u> comply with the Court's Order and have not done so. Citing *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (citation omitted); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (defendant "must show categorically and in detail why [it] is unable to comply with the court's order"). Plaintiff suggests that Defendants' burden is significant because the issue of due process has been argued since the inception of the case (five years ago).

The Court concludes that Plaintiff's Motion for Civil Contempt and to Enforce Preliminary Injunction [Dkt. No. 256] is unwarranted. Although it appears that Defendants may not have complied immediately with all terms of the Court's Order because they did not take all the steps with respect to all the items sent by Plaintiff, there are three things that mitigate, if not obviate, that non-compliance.

    A.    All of the items that Plaintiff contends Defendants did not process correctly are items that Plaintiff knew were prohibited at the Livingston County Jail. [Dkt. No. 266, Ex. 2 ("Items not allowed: . . . envelopes, books, magazines, . . .")] Plaintiff does not even argue that any of items constituted "bona-fide legal mail" or "standard white postcards," the only type of mail that is allowed at the Livingston County Jail. *See id.*

    B.    Defendants have argued (and supplied an affidavit) that unacceptable

mail was returned to Plaintiff, the intended inmates were notified, and both Plaintiff and those inmates were provided with notice of the method for appealing the rejection of such mail. If Defendants did so, they were in compliance with the Court's March 31, 2016 Order. Plaintiff's July 1, 2016 letter — and its reply brief — reflect that Defendants did comply with the Order with respect to at least three items of the *Habeas Citebook* and three items of the enveloped mail. [Dkt. No. 266, Ex. 3; Dkt. No. 269, PgID 8072 at n. 3]

C.   There is evidence that Defendants complied with the March 31, 2016 Order with respect to at least the *Habeas Citebook* and, perhaps, the enveloped mail because compliance only required that Defendants properly reject and give notice regarding the appeal process for the first copy of anything (although rejecting multiple copies does not violate the March 31, 2016 Order). It is not clear whether the same materials were in each envelope—and Defendants did not open the envelopes to know if it was the same materials in each. But, because the envelopes were not designated "legal mail," it is not clear that Defendants had any obligation to open it. As to the *Prisoners' Handbook*, Plaintiff acknowledges that those items were returned to Plaintiff unopened, and they include the label "Return for Postage." The "Return for Postage" label may mean something different than Plaintiff's claim that Defendants were seeking to charge Plaintiff for the cost of returning the book. It is not even clear

11

that the label was put on by Defendants, as it could have been put on by the United States Postal Service.

For the reasons set forth above, the Court denies Plaintiff's motion for civil contempt and the imposition of sanctions.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Civil Contempt and to Enforce Preliminary Injunction [Docket No. 256] is DENIED.

IT IS SO ORDERED.

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      Chief Judge, United States District Court

Dated: March 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2017, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager